UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J. JENNINGS,
CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                                            Case No.:   2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME
CARE, LLC,

    Defendant/Third Party
    Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.____/

## OPINION AND ORDER[1]

Before the Court are Defendant Gulfshore Private Home Care, LLC's Motion for Partial Summary Judgment as to Economic Damages (Doc. 69), Gulfshore's Motion to Strike Plaintiff's Request for Admissions Dated July 16, 2019 (Doc. 73), and Plaintiffs' Motion to Strike Gulfshore Private Home Care, LLC's (Gulfshore) Purported Answer to Plaintiffs' Requests to Admit (Doc. 83).

Gulfshore's Motion for Partial Summary Judgment does not comply with the Court's preferences. As stated on the Undersigned's website, each motion for summary judgment must include a section titled "Statement of Material Facts" that lists allegedly

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

undisputed material facts in separate numbered paragraphs. Because Defendant's motion does not contain the required section, the Court will deny it without prejudice.

The parties' competing motions to strike discovery documents lack any procedural basis. Motions to strike are appropriate when a pleading contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, not when parties want an advisory opinion in a discovery spat. See FED. R. CIV. P. 12(f). The parties may address the underlying dispute when it is ripe, perhaps in a motion for summary judgment or a motion in limine. The parties also failed to comply with Local Rule 3.01(g), which requires certification that moving counsel conferred with opposing counsel before filing the motion. "A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." Local Rule 3.01(g).

It should come as no surprise that the Court expects attorneys appearing before it to know and understand the procedural rules. The Court also encourages attorneys to use plain language and avoid excessive legalese. As manifested by the verbiage Plaintiffs' counsel heretofore employed, said legalese often operates to render a modest idea utterly incomprehensible. Cut it.

Accordingly, it is now

**ORDERED:**

(1) Defendant Gulfshore Private Home Care, LLC's Motion for Partial Summary Judgment as to Economic Damages (Doc. 69) is **DENIED**.

(2) Defendant Gulfshore Private Home Care, LLC's Motion to Strike Plaintiff's Request for Admissions Dated July 16, 2019 (Doc. 73) is **DENIED**.

(3) Plaintiffs' Motion to Strike Gulfshore Private Home Care, LLC's (Gulfshore) Purported Answer to Plaintiffs' Requests to Admit (Doc. 83) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record