UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J. JENNINGS,
CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                                      Case No.:  2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME
CARE, LLC,

    Defendant/Third Party
    Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant. ____ /

## **OPINION AND ORDER**[1]

Before the Court is Defendant Gulfshore Private Home Care, LLC's ("Gulfshore") Dispositive Motion for Final Summary Judgment as the Claims on Behalf of Cheryl Fazo and Kim S. Jennings, and the Estate of Geraldine F. Jennings filed on April 29, 2020. (Doc. 88). Plaintiffs Cheryl Fazo, Kim S. Jennings (the "surviving daughters"), and the Estate of Geraldine F. Jennings (the "Estate") (collectively, the "Plaintiffs") filed a Response to Gulfshore's Motion for Final Summary Judgment on May 6, 2020. (Doc. 91). For the following reasons, the summary judgment motion is denied.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This is a wrongful death action arising under Florida law. (Docs. 53; 88-1). The material background facts are not in dispute. Gulfshore is a nurse registry that connects home healthcare workers to elderly and disabled clients. (Doc. 88-3 at 3). In March 2017, Gulfshore assigned Cris-Carol Samuels ("Samuels") to transport a client. (Docs. 53 at ¶¶ 11-12; 88-1 at ¶¶ 11-12). While transporting the client, Samuels drove off the road and into the sidewalk and fatally struck Geraldine F. Jennings. (Docs. 53 at ¶ 15; 53-1; 88-1 at ¶ 15). The Estate and surviving husband and daughters sued Gulfshore for wrongful death based on three theories of negligence. (Docs. 53; 88-1). Now, Gulfshore moves for summary judgment as to the Estate and surviving daughters. (Doc. 88). It argues summary judgment is proper because these Plaintiffs have not suffered damages and, therefore, cannot recover for wrongful death under Florida law. (*Id.*).

## LEGAL STANDARD

Summary judgment is proper only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *See O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When opposing a motion for summary judgment, the nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for

trial. *See id.* at 256. The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Failure to show evidence of any essential element is fatal to the claim and the court should grant summary judgment. *See Celotex*, 477 U.S. at 322-23. But if reasonable minds could find a genuine issue of material fact, then summary judgment should be denied. *See Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1532 (11th Cir. 1992).

## DISCUSSION

In Florida, a claim for wrongful death is "created and limited by Florida's Wrongful Death Act." *Cinghina v. Racik,* 647 So.2d 289, 290 (Fla. 4th DCA 1994); *Estate of McCall v. United States,* 134 So.3d 894, 915 (Fla. 2014). The Act provides a right of action "[w]hen the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person . . . and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued." Fla. Stat. § 768.19; Here, Plaintiffs allege wrongful death based on three negligence theories.

To state a claim for negligence in a wrongful death action, a plaintiff must allege: "(1) the existence of a legal duty owed to the decedent, (2) breach of that duty, (3) legal or proximate cause of death was that breach, and (4) consequential damages." *Jenkins v. W.L. Roberts, Inc.,* 851 So.2d 781, 783 (Fla. 1st DCA 2003). Defendant challenges

the third element here. It argues Plaintiffs have suffered no damages and thus cannot recover in this wrongful death action. The Court disagrees with Defendant.

Fla. Stat. § 768.21 sets forth the parameters for awarding damages to the estate and survivors in a wrongful death suit. There are two broad categories of losses for which damages may be recovered: economic and noneconomic losses. Under the statute, the estate and surviving adult children are limited to recovering economic damages.[2] *See* Flat. Stat. § 768.21(1), (6)(a)(2), (8). Those damages include loss of net accumulations, lost earnings, and medical and funeral expenses. *See* Fla. Stat. § 768.21(6)(a).

Here, Plaintiffs not only admit that the surviving daughters have no economic damages, but the evidence supports that conclusion too. (Doc. 91 at 2). In their answers to Defendant's interrogatories, Plaintiffs state Geraldine Jennings provided no economic support to her children in the three years before her death. (Doc. 88-4 at 2). The evidence also indicates – and Plaintiffs do not show otherwise – that the Estate has suffered no actual damages. Through interrogatory responses, Plaintiffs concede the Estate has sustained no economic damages. (*Id.* at 1-2). Without such damages, Plaintiffs cannot recover under the statute. Since Plaintiffs have suffered no actual damages, they are also not entitled to punitive damages as a matter of law. *See Martin v. United Security Services, Inc.,* 314 So.2d 765, 772 (Fla. 1975) (Under Florida law, "punitive damages are recoverable only where actual damages are shown.").

---

[2] While minor children have the right to seek recovery for noneconomic damages, such as lost parental companionship, instruction, and guidance, adult children may do so only if the decedent left no surviving spouse. Fla. Stat. § 768.21(3). Because there is a surviving spouse here, the surviving adult daughters are not entitled to these noneconomic damages.

But even if Plaintiffs cannot recover actual or punitive damages, Plaintiffs still may have nominal damages. See *Perez v. American Mut. Liability Ins. Co.*, 288 So. 2d 541 (Fla. 2d DCA 1973) (citations omitted) (holding a zero dollar verdict in wrongful death of a child was inappropriate as a matter of law and the parent could have nominal damages); *Atlantic Coast Line R. Co. v. Woods*, 110 Fla. 147, 148 So. 542 (Fla. 1933) (citation omitted) (Wrongful death is "a tort for which at least nominal damages may be recovered by an administrator of the decedent."); *Seaboard Air Line Ry. v. Moseley*, 60 Fla. 186, 190, 53 So. 718, 719 (Fla. 1910) (finding nominal damages are recoverable in an action for wrongful death even though plaintiff suffered no actual damages). Because there is a possibility that Plaintiffs can receive nominal damages, summary judgment is defeated. See e.g. *Craine v. Int'l Longshoremen's Ass'n, Local 1408*, No. 3:07-CV-72-J-32JRK, 2009 WL 774096, at *5 (M.D. Fla. Mar. 20, 2009) (finding even though plaintiff had no right to emotional distress damages as a matter of law, he could still receive nominal damages and attorney's fees and thus summary judgment as to damages was improper).

Accordingly, it is now **ORDERED:**

Defendant Gulfshore Private Home Care, LLC's Dispositive Motion for Final Summary Judgment as the Claims on Behalf of Cheryl Fazo and Kim S. Jennings, and the Estate of Geraldine F. Jennings (Doc. 88) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of May, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record