UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J. JENNINGS,
CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                                         Case No.:   2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME
CARE, LLC,

    Defendant/Third Party
    Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Gulfshore Private Home Care, LLC,s Motion for Final Summary Judgment (Doc. 100). This is Gulfshore's third summary judgment motion. The Court denied its Motion for Partial Summary Judgment (Doc. 69) without prejudice because it did not comply with the Court's requirement that all summary judgment motions contain a statement of material facts. (Doc. 84). Gulfshore corrected the deficiency and filed its Dispositive Motion for Final Summary Judgment (Doc. 88), which the Court considered and denied on the merits. (Doc. 95). On July 22, 2020—the deadline for dispositive motions—Gulfshore took another swing at summary judgment in defiance of Local Rule 3.01(a) and Federal Rule of Civil Procedure 56(c)(1)(A).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Local Rule 3.01(a) requires a motion "to include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than 25 pages." *See also* Doc. 56 at 5 ("A motion for summary judgment shall include a memorandum of law and a specifically captioned section titled, "Statement of Material Facts" in a *single document* not to exceed 25 pages in length." (emphasis added)). Courts interpret this rule to permit a *single* summary judgment motion. *See, e.g.*, *Voter Verified, Inc. v. Premier Election Sols., Inc.*, No. 6:09-cv-1968-ORL-19KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010). "[N]o federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment; rather, a successive Rule 56 motion may be filed only with the district court's authorization." *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011) (collecting cases that disapprove of multiple summary judgment motions).

Local Rule 3.01(a) is not the only rule Gulfshore ignored. Parties must support factual assertions made in summary judgment motions by "citing to particular parts of materials *in the record*[.]" FED. R. CIV. P. 56(c)(1)(A) (emphasis added). Gulfshore's Motion relies heavily on the Affidavit of Brandon Ernst. Not only was the affidavit absent from the record when Gulfshore filed its Motion, it apparently did not exist. Ernst signed the affidavit on July 28, 2020, and Gulfshore filed it the next day—one week after filing the Motion. (Doc. 108-1).

Since Gulfshore filed its Motion and supporting materials in derogation of local and federal procedural rules, the Court denies the Motion.

Accordingly, it is now

**ORDERED:**

Defendant Gulfshore Private Home Care, LLC's Motion for Final Summary Judgment (Doc. 100) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record