UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F. JENNINGS, ROBERT J. JENNINGS, CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                            Case No.:  2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME CARE, LLC,

    Defendant/Third Party Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Gulfshore Private Home Care, LLC's Motion in Limine to Exclude Opinions and Report of Charles L. Baum, Ph.D. (Doc. 128) and Plaintiffs' response (Doc. 131).

Plaintiffs filed this action seeking damages for the death of Geraldine Jennings. They retained Dr. Charles Baum to calculate the economic losses caused by Jennings' death. But Plaintiffs did not disclose Dr. Baum's work before the May 15, 2020 deadline for disclosure of expert witnesses. Gulfshore first learned of Dr. Baum on May 23, 2020, when Plaintiffs' counsel attached Dr. Baum's expert report to interrogatory answers.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Federal Rule of Civil Procedure 26(a)(2) and the Case Management and Scheduling Order (CMSO) (Doc. 56) require the parties to disclose any expert witness they may call at trial.  The CMSO warns, "Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness."  (Doc. 56 at 3).  Gulfshore seeks to exclude Dr. Baum's report and testimony because Plaintiffs did not timely disclose him as an expert in this case.  Plaintiffs' response is confusing.  They oppose the Motion, but they also state they did not retain Dr. Baum to testify at trial.  And they do not express any intent to introduce the report at trial or state any reason they should be permitted to do so.  Plaintiffs' argument seems to be that they timely provided the report in response to an interrogatory.  Fair enough, but that does not make it admissible at trial.

Plaintiffs did not timely disclose Dr. Baum's expert report.  It does not appear they intend to introduce Dr. Baum's testimony or report at trial.  But since Plaintiffs are being dodgy about it, the Court will grant Gulfside's Motion.

Accordingly, it is now

**ORDERED:**

Defendant Gulfshore Private Home Care, LLC's Motion in Limine to Exclude Opinions and Report of Charles L. Baum, Ph.D. (Doc. 128) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record