UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J. JENNINGS,
CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                                Case No.:   2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME
CARE, LLC,

    Defendant/Third Party
    Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.         /

## OPINION AND ORDER[1]

Before the Court is Gulfshore Private Home Care, LLC's Motion in Limine to Exclude the Florida Traffic Crash Report and Related Statements from Evidence (Doc. 96) and Plaintiffs' response (Doc. 99).

This case stems from a car accident. Cris Carol Samuels drove her vehicle onto a sidewalk and fatally struck Geraldine Jennings. Antoinette Janich was a passenger in Samuels' car. Florida Highway Patrol investigated the accident and completed a report, which includes statements made by Samuels and Janich. Gulfside seeks to exclude the report and Samuels' and Janich's statements for two reasons: (1) they are inadmissible hearsay; and (2) they are privileged under Florida law. In response, Plaintiffs raise

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

several hearsay exceptions and argue that Florida's accident report privilege does not apply in federal courts.

Florida's accident report privilege states:

> [E]ach crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purposes of completing a crash report required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal.

Fla. Stat. § 316.066(4). Since Plaintiffs' claims are governed by Florida law, the Florida accident report privilege applies to this case. See Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); see also Cardona v. Mason and Dixon Lines, Inc., 737 F. App'x 978, 981-82 (11th Cir. 2018) (affirming application of the Florida accident report privilege in a federal diversity jurisdiction case). Samuels' and Janich's statements—and all parts of the accident report based on those statements—are inadmissible, regardless of any hearsay exceptions. See id. at 982 n.4 (noting that hearsay exceptions were irrelevant "because the reports (insofar as they relied on the parties' statements) were inadmissible under the Florida privilege").

Accordingly, it is now **ORDERED:**

Gulfshore Private Home Care, LLC's Motion in Limine to Exclude the Florida Traffic Crash Report and Related Statements from Evidence (Doc. 96) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of September, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record