UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J. JENNINGS,
CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                    Case No.:   2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME
CARE, LLC,

    Defendant/Third Party
    Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.___/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Gulfshore Private Home Care, LLC's Motion to Limit the Opinion Testimony of Plaintiff's Expert Joseph Rubino (Doc. 103) and Plaintiffs' response (Doc. 118).

### **Background**

Gulfshore is a nurse registry that connects home healthcare workers to elderly and disabled clients. In March 2017, Gulfshore connected caregiver Cris Carol Samuels with a client—Antoinette Janich. While Janich was in her car, Samuels drove off the road and onto a sidewalk, fatally striking Geraldine Jennings. Jennings' estate and surviving husband and daughters sued Gulfshore for negligence and wrongful death based on

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

three theories: (1) Samuels was an agent for, or in a joint venture with, Gulfshore; (2) Gulfshore was negligent in selecting, hiring, retaining, instructing, and/or supervising Samuels; and (3) Gulfshore breached its non-delegable duty to ensure that the transportation services were provided in a safe manner.

To help make their case, Plaintiffs retained medical transportation expert Joseph Rubino. Gulfshore seeks to exclude five of Rubino's opinions due to lack of expertise, foundation, methodology, and relevance. Plaintiffs' counsel did not bother submitting any legal argument opposing Gulfshore's Motion. Plaintiffs' response instead consists of a lengthy excerpt from *United States v. Brown*, 415 F.3d 1257 (11th Cir. 2005), a factual summary of the case, a list of evidence with no obvious relevance to the admissibility of Rubino's testimony, and about ten pages of block quotes from a Declaration of Joseph M. Rubino (Doc. 109).[2]

**Legal Standard**

Federal Rule of Evidence 702 provides the starting point when considering the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[2] This is a remarkable display of lazy lawyering. Rubino charges $295/hour for in-office work and $325/hour for out-of-office work. Yet Plaintiffs' counsel failed to protect the investment in Rubino's testimony by preparing a legal argument defending its admissibility. As a result, the arguments raised in Gulfshore's Motion are mostly unopposed.

Fed. R. Evid. 702. In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court held that trial courts have a gatekeeping function designed to test expert evidence for relevance and reliability. In performing this function, the Court applies a "rigorous three-part inquiry" by considering whether (1) the expert is qualified to testify competently about the issues at hand, (2) the expert's methodology is sufficiently reliable, and (3) the expert's testimony helps the trier of fact understand the evidence or determine a factual issue. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). "While there is inevitably some overlap among the basic requirements—qualification, reliability, and helpfulness—they remain distinct concepts and the courts must take care not to conflate them." *Id.* Defendant's challenges span all three elements, and Plaintiffs must prove each by a preponderance of the evidence. *Id.*

## Discussion

Gulfshore seeks to exclude five of Rubino's opinions. As explained above, Plaintiffs do not counter Gulfshore's objections with any legal argument of their own—a risky tactic for a party that bears the burden of proof. The Court addresses each challenged opinion in turn.

   1. The classification of Gulfshore's business

Rubino opined that Gulfshore "is an in-home service registry that provides private home care to individuals and families and is regulated by the State of Florida." (Doc. 103-1 at 5). Gulfshore objects because Rubino admitted he has no expertise in Florida nurse registries and because Rubino did not review Gulfshore's license, the contract between Gulfshore and Janich, or applicable statutes. In response, Rubino affirms his lack of

expertise on nurse registries. It is thus undisputed that Rubino is unqualified to give this opinion, and the Court will exclude it.

2. The adequacy of Gulfshore's background check of Samuels

Rubino's expert report states that Gulfshore should not have allowed Samuels to provide transportation services because of her "extensive criminal history" and "her repeated pattern of unsafe (and unlicensed) driving." (Doc. 103-1). But at his deposition, Rubino could not identify the source of his information about Samuels' background or identify any crimes for which Samuels was convicted. Rubino did not conduct his own investigation into Samuels' background, nor did he review the Florida statutes that set background-screening requirements for nurse registries. Gulfshore challenges Plaintiffs to show the facts and methodology on which Rubino's opinion rests. Plaintiffs make no attempt to meet this challenge and have thus failed to prove that Rubino's opinion is reliable. The Court will exclude it.

3. The deceptiveness of Gulfshore's representations to the public

Rubino opined, "Gulfshore is engaged in public deception by claiming it provides quality services to its clients, while lacking even a minimum vetting process for caregivers that will provide transportation services." (Doc. 103-1 at 7). Gulfshore argues that since none of Plaintiffs' causes of action are based on fraud or misrepresentation, this opinion is irrelevant and meant only to inflame the jury. Plaintiffs make no attempt to explain the relevance of this opinion and thus fail to prove its helpfulness. The Court finds the opinion irrelevant and will exclude it.

4. The existence of an agency or joint venture relationship between Gulfshore and Samuels

Rubino found, "Not only was Ms. Samuels Gulfshore's agent, but Gulfshore and Ms. Samuels were in joint venture business undertaking." (Doc. 103-1 at 7). In his deposition, Rubino explained that he was not using the terms "agent" and "joint venture" in a legal sense. Gulfshore argues Rubino lacked an adequate foundation for this opinion because he does not know the elements of a joint venture and did not review the contracts between Gulfshore, Samuels, and Janich. Plaintiffs did not respond to Gulfshore's argument. The Court will exclude this opinion because Plaintiffs failed to prove its reliability, and because it would likely confuse the jury.

5. Janich's beliefs about Gulfshore

Finally, Rubino opined, "Ms. Janaich [sic] believed that Ms. Samuels officially represented Gulfshore and was authorized to conduct Gulfshore's business, and she entered Ms. Samuel's vehicle due to that belief." (Doc. 103-1 at 7). Gulfshore objects because Rubino never spoke to Janich and relied solely on her statements recorded in a motor vehicle accident report. Again, Plaintiffs fail to address the admissibility of this opinion. Rubino briefly addresses Gulfshore's objection when he argues a portion of the accident report confirms "that Ms. Samuels was sent to Ms. Janish [sic] due to the relationship of each party to Gulfshore[.]" (Doc. 118 at 16). But that does not prove that Rubino can reliably testify about Janich's beliefs. The Court will exclude this opinion.

Accordingly, it is now

**ORDERED:**

Defendant Gulfshore Private Home Care, LLC's Motion to Limit the Opinion Testimony of Plaintiff's Expert Joseph Rubino (Doc. 103) is **GRANTED**.

5

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record