UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F. JENNINGS, ROBERT J. JENNINGS, CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.        Case No.: 2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME CARE, LLC,

    Defendant/Third Party Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.____/

## OPINION AND ORDER[1]

Before the Court is Defendant/Third-Party Plaintiff Gulfshore Private Home Care, LLC's Motion in Limine Regarding Liability Insurance Coverage (Doc. 105) and Plaintiffs' response (Doc. 119).

Gulfshore is a nurse registry that connects home healthcare workers to elderly and disabled clients. In March 2017, Gulfshore connected caregiver Cris Carol Samuels with a client. While transporting the client, Samuels drove off the road and onto a sidewalk, fatally striking Geraldine Jennings. Both Gulfshore and Samuels maintained liability insurance coverage. Jennings' estate and surviving husband and daughters sued Gulfshore for negligence and wrongful death based on three theories: (1) Samuels was

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

an agent for, or in a joint venture with, Gulfshore; (2) Gulfshore was negligent in selecting, hiring, retaining, instructing, and/or supervising Samuels; and (3) Gulfshore breached its non-delegable duty to ensure that the transportation services were provided in a safe manner.

The parties disagree whether the existence of Gulfshore's and Samuels' insurance policies is admissible at trial. Federal Rule of Evidence 411 governs:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Given Plaintiffs' causes of action, the Court cannot now determine whether Plaintiffs will attempt to use the policies for permissible or impermissible purposes. A categorical pretrial exclusion would thus be unwise. The Court will deny Gulfshore's Motion, but Gulfshore is free to object at trial if Plaintiffs attempt to introduce evidence of insurance for any improper purpose. Plaintiff shall advise the court prior to attempting to introduce evidence of liability insurance coverage.

Accordingly, it is now

**ORDERED:**

Defendant/Third-Party Plaintiff Gulfshore Private Home Care, LLC's Motion in Limine Regarding Liability Insurance Coverage (Doc. 105) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

2