UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J. JENNINGS,
CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                       Case No.:  2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME
CARE, LLC,

    Defendant/Third Party
    Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.
_____/

## ORDER[1]

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order granting Gulfshore Private Home Care, LLC's Motion in Limine to Exclude the Florida Traffic Crash Report and Related Statements from Evidence (Doc. 145) and Gulfshore's response (Doc. 147).

This case stems from a car accident. Cris Carol Samuels drove her vehicle onto a sidewalk and fatally struck Geraldine Jennings. Antoinette Janich was a passenger in Samuels' car. Florida Highway Patrol investigated the accident and completed a report, which includes statements made by Samuels and Janich. The Court previously granted

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Gulfshore's motion in limine to exclude the report and Samuels' and Janich's statements. (Doc. 138). The Plaintiffs ask the court to reconsider its ruling.

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998)(internal quotations omitted). Courts generally recognize three grounds for reconsidering an order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. Of Hillsboro Cnty., Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "A court has considerable discretion in deciding whether to grant a motion for reconsideration." *See Drago v. Jenne*, 453 F.3d 1301, 1306 (11th Cir. 2006).

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F.Supp. 1072, 1072-73 (M.D. Fla. 1993); *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D. Fla. 1995). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow*, 814 F.Supp. at 1072-73.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F.Supp. 3d 1188, 1192 (S.D. Fla. 2017)(internal quotation marks and citation omitted). An "order on a motion in limine remains subject to reconsideration by the court throughout the trial." *DeBose v. Univ. of S. Fla. Bd. Of Trs.*, No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919981, at * 1 (M.D. Fla. Sept. 9, 2018)(internal quotation marks, citation, and some emphasis omitted).

After a careful review of the briefings and relevant law, reconsideration is unnecessary. Plaintiffs have shown no intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice to warrant reconsideration. As the Court previously found, Florida's accident report privilege prohibits admission of the report and statements in the reports made by those involved in the accident. Fla. Stat. § 316.066(4); *Cardona v. Mason & Dixon Lines, Inc.*, 737 F. App'x 978, 982 (11th Cir. 2018) (affirming). The Court properly excluded the Florida traffic crash report and related statements when it originally granted Gulfshore's motion in limine. Plaintiffs present no persuasive arguments to find otherwise.

And as to Plaintiffs' argument that the statements made by Samuels and Janich fall within exceptions to hearsay, they do not identify the particular statements that fall within the exception. Nor do they put forth any argument on how the exception applies. Nevertheless, as the Court previously pointed out, Samuels' and Janich's statements are inadmissible, regardless of any exceptions. *See id*. at 982 n.4.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration of the Court's Order granting Gulfshore Private Home Care, LLC's Motion in Limine to Exclude the Florida Traffic Crash Report and Related Statements from Evidence (Doc. 145) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of September 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record