UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J. JENNINGS,
CHERYL FAZO and KIM S. JENNINGS,

    Plaintiffs,

v.                                Case No.:  2:19-cv-72-FtM-38NPM

GULFSHORE PRIVATE HOME
CARE, LLC,

    Defendant/Third Party Plaintiff

CRIS-CAROL SAMUELS,

    Third Party Defendant.
_____/

## ORDER[1]

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order granting Gulfshore Private Home Care, LLC's Motion in Limine to Limit the Opinion Testimony of Plaintiff's Expert Joseph Rubino (Doc. 146) and Gulfshore's response (Doc. 148).

Gulfshore is a nurse registry that connects home healthcare workers to elderly and disabled clients. In March 2017, Gulfshore connected caregiver Cris Carol Samuels with a client—Antoinette Janich. While Janich was in her car, Samuels drove off the road and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

onto a sidewalk, fatally striking Geraldine Jennings. Jennings' estate and surviving husband and daughters sued Gulfshore for negligence and wrongful death.

To help make their case, Plaintiffs retained medical transportation expert Joseph Rubino. Gulfshore filed a motion in limine to exclude five of Rubino's opinions due to lack of expertise, foundation, methodology, and relevance. The Court granted the motion. (Doc. 139). Now, Plaintiffs urge the Court to reconsider its ruling.

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998)(internal quotations omitted). Courts generally recognize three grounds for reconsidering an order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. Of Hillsboro Cnty., Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "A court has considerable discretion in deciding whether to grant a motion for reconsideration." *See Drago v. Jenne*, 453 F.3d 1301, 1306 (11th Cir. 2006).

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F.Supp. 1072, 1072-73 (M.D. Fla. 1993); *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D. Fla. 1995). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a

change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow*, 814 F.Supp. at 1072-73.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F.Supp. 3d 1188, 1192 (S.D. Fla. 2017) (internal quotation marks and citation omitted). An "order on a motion in limine remains subject to reconsideration by the court throughout the trial." *DeBose v. Univ. of S. Fla. Bd. Of Trs.*, No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919981, at * 1 (M.D. Fla. Sept. 9, 2018) (internal quotation marks, citation, and some emphasis omitted).

After a careful review of the briefings and relevant law, the Court concludes reconsideration is unnecessary. Plaintiffs do not put forth any legal argument that the Court's ruling was incorrect. Instead, they contend the Court should have held a hearing to properly assess Rubino's credibility. But a hearing is not necessary if the issues are thoroughly briefed and competently articulated. *See* M.D. Fla. R 3.01(j). Plaintiffs did not originally request a hearing. Nor did the Court find the need for one based on the briefing. It stands by that decision, as there is no need to hold a hearing after it issued its ruling.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration of the Court's Order granting Gulfshore Private Home Care, LLC's Motion in Limine to Limit the Opinion Testimony of Plaintiff's Expert Joseph Rubino (Doc. 145) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of September 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record