UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF GERALDINE F.
JENNINGS, ROBERT J.
JENNINGS, CHERYL FAZO and
KIM S. JENNINGS,

       Plaintiffs,

v.                                       Case No. 2:19-cv-72-SPC-NPM

GULFSHORE PRIVATE HOME CARE,
LLC,

Defendant/Third Party Plaintiff.

v.

CRIS-CAROL SAMUELS

Third Party Defendant.

## REPORT AND RECOMMENDATION

Before the Court is Defendant Gulfshore Private Home Care, LLC's Motion for Taxable Costs (Doc. 195). Gulfshore seeks $60.10 for service of process fees, $2,348.45 in court reporter expenses, and $787.50 for the mediator's fee, for an aggregate sum of $3,196.05. (Doc. 195, pp. 5-6; Doc. 196, p. 1). Plaintiffs do not dispute entitlement to costs, and they only oppose the service of process and mediator's fees. (Doc. 197, pp. 2-3).

A prevailing party may recover costs as a matter of course unless a statute, rule or court order provides otherwise. *See* Fed. R. Civ. P. 54(d)(1); *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987) (holding federal courts have discretion to refuse to tax items under section 1920 as costs in favor of the prevailing party). The Supreme Court recently held in *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019) that "federal courts are limited to awarding the costs specified in [28 U.S.C.] §§ 1821 and 1920." Section 1920 allows for the following taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Mediation expenses are not among the statutorily specified costs, and so Plaintiffs' objection should be sustained. *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (finding district court abused its discretion in taxing the mediator's fee as costs, in part, because section 1920 does not list mediation fees as

taxable costs); *Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 277 (5th Cir. 2007) (same).

Moreover, the Eleventh Circuit has held "that private process server fees may be taxed pursuant to §§ 1920(1) and 1921," provided the fees do not exceed the U.S. Marshal service's rate to effect service. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); *Butler v. Wright*, No. 8:06-cv-165-T17-TBM, 2010 WL 599387, *6 (M.D. Fla. Feb. 16, 2010). The current rate charged by the U.S. Marshal service for personal service of process is $65 per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Therefore, the requested $60.10 service-of-process fee fits within the statutory scheme.

Notably, the requested service-of-process fee pertains to the impleaded third-party defendant Cris-Carol Samuels. (Doc. 63; Doc. 196-2). But the third-party complaint in which Gulfshore sought indemnification from Samuels became moot once the Court granted Gulfshore's Fourth Motion for Summary Judgment (Doc. 193). Gulfshore provides no support for why this service-of-process fee should be awarded. (Doc. 195, p. 5). But neither do Plaintiffs—in fact, they erroneously argued that service-of-process fees are not allowed under the plain language of section 1920. (Doc. 197, p. 2).

Since the third-party complaint for indemnification was filed as a direct result of defending against Plaintiffs' claims, there is a logical causal connection. In the exercise of the Court's discretion, the service-of-process fee should be included as a taxable cost because it appears fair and equitable under the circumstances of this case. *See generally Arena Holdings Charitable, LLC v. Harman Pro., Inc.*, No. 1:12-cv-031, 2014 WL 12836624, *2 (D.N.D. July 8, 2014) (noting issue of costs in third-party actions has scant case law and explaining that costs may be recovered from the plaintiff if the third-party defendant, along with the defendant, vigorously contested the plaintiff's claims).

Finally, because Plaintiffs do not oppose the $2,348.45 charge for court-reporter expenses (Doc. 197, p. 3), they should be included as a taxable cost. This cost in addition to the $60.10 service-of-process fee results in a total amount of $2,408.55 that should be awarded to Gulfshore as taxable costs.

Accordingly, it is respectfully recommended:

1) Defendant's Motion for Taxable Costs (Doc. 195) be **GRANTED in part** and **DENIED in part**.

2) The Clerk be directed to amend the judgment in favor of Defendant and against Plaintiff, awarding costs in the amount of $2,408.55.

Reported in Fort Myers, Florida on April 22, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**